# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ROBERT COGDELL, JR.,
>Appellant,

v.

DEPARTMENT OF HOMELAND
SECURITY,
>Agency.

DOCKET NUMBER
CH-0752-22-0133-I-1

DATE:  May 13, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Robert Cogdell, Jr.</u>, Hillside, Illinois, pro se.

<u>Stanislaus A. Gonsalves</u>, Esquire, Oak Brook Terrace, Illinois,
for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which sustained his removal.  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. We AFFIRM the initial decision except as expressly MODIFIED to address the appellant's whistleblower reprisal affirmative defense.

## BACKGROUND

The appellant was employed as a GS-13 Intelligence Research Specialist with Immigration and Customs Enforcement at the Chicago Office of Homeland Security Investigations (HSI). Initial Appeal File (IAF), Tab 7 at 22. The agency removed him from his position in December 2021 for failure to follow supervisory instructions. *Id.* at 23-28. This appeal followed. IAF, Tab 1. Following a hearing, the administrative judge issued an initial decision sustaining the agency's charge and the penalty of removal. IAF, Tab 28, Hearing Recording (HR), Tab 30, Initial Decision (ID). The appellant has filed a petition for review, and the agency has responded in opposition. Petition for Review (PFR) File, Tabs 1, 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

On review, the appellant does not challenge the administrative judge's findings as to the agency's charge, nexus to the efficiency of the service, or the penalty of removal. PFR File, Tab 1. Rather, he re-raises his affirmative defense of whistleblower reprisal and "previously identified EEOC issues." PFR File,

Tab 1 at 3-5; IAF, Tab 1 at 9, Tab 23 at 6-18. In her prehearing conference order, the administrative judge sanctioned the appellant for violating her order to compel him to respond to the agency's deposition questions by prohibiting him from introducing testimony and documentary evidence concerning his affirmative defenses. IAF, Tab 19, Tab 26 at 2, 4-5. She found that, consequently, the appellant failed to meet his burden of proving his affirmative defenses. ID at 11. Thus, the issues on review are the following: (1) whether the administrative judge abused her discretion in imposing this sanction; and (2) whether the administrative judge correctly determined that the appellant did not prove his affirmative defense after imposing this sanction.

<u>The administrative judge did not abuse her discretion in not allowing the appellant to introduce testimonial or documentary evidence concerning his affirmative defenses.</u>

Administrative judges have the authority to impose sanctions as necessary to serve the ends of justice, including when a party fails to comply with an administrative judge's order. *Simon v. Department of Commerce*, 111 M.S.P.R. 381, ¶ 11 (2009); 5 C.F.R. § 1201.43. Among the sanctions expressly permitted under 5 C.F.R. § 1201.43(a)(2) for failure to comply with an administrative judge's order is a prohibition "from introducing evidence concerning the information sought, or from otherwise relying upon testimony related to that information." *See Harp v. Department of the Army*, 791 F.2d 161, 163 & n.2 (Fed. Cir. 1986). The Board ordinarily will not disturb an administrative judge's determination to impose a sanction unless it is shown that she abused her discretion or that her erroneous ruling adversely affected a party's substantive rights. *Simon*, 111 M.S.P.R. 381, ¶ 11. The Board also may look to the Federal Rules of Civil Procedure for guidance on a "just" sanction under the circumstances and whether the administrative judge exercised her authority accordingly. *See Wagner v. Department of Homeland Security*, 105 M.S.P.R. 67, ¶¶ 14-15 (2007); *see also* 5 C.F.R. § 1201.72(a); Fed. R. Civ. P. 37(b). A

sanction under the Federal Rules should be "proportionate" to the offense, and, when the possibility of a severe sanction is raised, a court should consider carefully whether a lesser sanction would be more appropriate for a particular violation. *Wagner*, 105 M.S.P.R. 67, ¶ 15.

The appellant has not shown that the administrative judge abused her discretion when she prohibited the appellant from introducing testimonial or documentary evidence concerning his affirmative defenses. She imposed the sanction for the appellant's repeated refusals to respond to the agency's questions regarding his alleged whistleblower disclosures at its second attempt to depose him. IAF, Tab 26 at 2; *e.g.*, IAF, Tab 22 at 17-37, 59-61. In doing so, he knowingly violated the administrative judge's May 9, 2022 order to compel responses to depositions, which she re-affirmed in her May 11, 2022 order denying the appellant's motion to strike.[2] IAF, Tabs 19, 21. The sanction imposed was expressly permitted under 5 C.F.R. § 1201.43(a)(2) under these circumstances. IAF, Tab 26 at 2. Moreover, the sanction was "just" under the Federal Rules of Civil Procedure because it recognized that the evidence related to the affirmative defenses was not subject to fair testing by the agency through deposition. *See Smets v. Department of the Navy*, 117 M.S.P.R. 164, ¶ 12 (2011), *aff'd*, 498 F. App'x 1 (Fed. Cir. 2012); *Wagner*, 105 M.S.P.R. 67, ¶¶ 13-15. Accordingly, we find that the administrative judge did not abuse her discretion in imposing this sanction.

Despite the administrative judge's sanction precluding the appellant from offering evidence in support of his affirmative defenses, the record nevertheless contains some evidence, primarily submitted by the agency, in connection with

---

[2] In his motion to strike, the appellant argued that he should not have been compelled to answer the agency's questions about his alleged whistleblower disclosures because those questions should have been directed to the Department of Homeland Security Policy Office for a policy determination. IAF, Tab 20 at 5. He also argued that the venue of an oral deposition did not afford him whistleblower protections. *Id.* The administrative judge found that his reasoning was not a proper basis for not responding or objecting to the agency's deposition questions. IAF, Tab 21 at 2. We agree.

these issues.  Therefore, we supplement the initial decision to expressly address the appellant's claim of whistleblower reprisal, which he re-raises on review. PFR File, Tab 1 at 3-5; IAF, Tab 1 at 9.

<u>The appellant did not prove his affirmative defense of whistleblower reprisal.</u>

In an adverse action appeal, such as this, an appellant's claim of whistleblower reprisal is treated as an affirmative defense.  *Shannon v. Department of Veterans Affairs*, 121 M.S.P.R. 221, ¶ 21 (2014).  To establish a prima facie case of whistleblower reprisal, an appellant must prove by preponderant evidence that he made a protected disclosure as described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity as described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D), and the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action outlined in 5 U.S.C. § 2302(a)(2)(A).  5 U.S.C. § 1221(e)(1); *see Ayers v. Department of the Army*, 123 M.S.P.R. 11, ¶ 12 & n.1 (2015).

A protected disclosure is a contributing factor if it in any way affects an agency's decision to take a personnel action.  *Dorney v. Department of the Army*, 117 M.S.P.R. 480, ¶ 14 (2012).  One way to establish contributing factor is the knowledge/timing test.  *Wadhwa v. Department of Veterans Affairs*, 110 M.S.P.R. 615, ¶ 12, *aff'd*, 353 F. App'x 435 (Fed. Cir. 2009).  Under that test, an appellant can prove the contributing factor element through evidence showing that the official taking the personnel action knew of the disclosure and that the personnel action occurred within a period of time such that a reasonable person could conclude that the disclosure was a contributing factor in the personnel action. *Id.*; *see* 5 U.S.C. § 1221(e)(1).  If an appellant fails to satisfy the knowledge/timing test, the Board considers other evidence, such as that pertaining to the strength or weakness of the agency's reasons for taking the actions, whether the whistleblowing was personally directed at the proposing or deciding officials, and whether those individuals had a desire or motive to

retaliate against the appellant. *Rumsey v. Department of Justice*, 120 M.S.P.R. 259, ¶ 26 (2013); *Dorney*, 117 M.S.P.R. 480, ¶ 15.

If the appellant establishes a prima facie case of whistleblower reprisal, the burden shifts to the agency to show by clear and convincing evidence that it would have taken the same personnel action in the absence of any protected activity. *See Ayers*, 123 M.S.P.R. 11, ¶ 27. In determining whether the agency made such a showing, we generally consider the following factors: (1) the strength of the agency's evidence in support of its action; (2) the existence and strength of any motive to retaliate on the part of the agency officials who were involved in the decision; and (3) any evidence that the agency takes similar actions against employees who are not whistleblowers but who are otherwise similarly situated. *Id.*; *see Carr v. Social Security Administration*, 185 F.3d 1318, 1323 (Fed. Cir. 1999).

In his initial appeal, the appellant raised a claim that the agency retaliated against him for making protected disclosures. IAF, Tab 1 at 9. He filed an Office of Special Counsel (OSC) complaint, on or around November 2021, which he submitted to the agency as his reply to the notice of proposed removal.[3] IAF, Tab 7 at 23, 35-59. He also alleged several protected disclosures or activities in his sworn pleading before the administrative judge. IAF, Tab 23 at 6-18. We discern from these submissions the following alleged protected disclosures and activities: participation in another employee's EEO complaint in May 2015, IAF, Tab 7 at 42, Tab 23 at 33; multiple emails sent to agency employees since December 3, 2020, disclosing violations of law, rule or regulation, gross mismanagement, gross waste of funds, or abuse of authority, IAF, Tab 7 at 42-43, Tab 23 at 6-7, 14-15; an April 2021 "grievance escalation email" alleging a hostile work environment, IAF, Tab 7 at 50, Tab 23 at 13; and email(s) in 2021

---

[3] We have considered the appellant's allegations in his November 2021 OSC complaint as part of his allegations in this case. IAF, Tab 7 at 35-59; PFR File, Tab 1 at 3-5. However, the appellant has not alleged retaliation for filing the November 2021 OSC complaint. IAF, Tab 23; PFR File, Tab 1 at 3-5.

requesting to reopen a Department of Homeland Security Office of Inspector General (OIG) complaint, IAF, Tab 23 at 7, 13, 17; PFR File, Tab 1 at 3.

*Participation in another employee's EEO complaint in May 2015*

The appellant provided the deciding official with his OSC complaint in reply to the notice of proposed removal. IAF, Tab 7 at 23, 35-59. In his OSC complaint, he listed as a protected whistleblowing activity that, in May 2015, he "participated in" another employee's EEO complaint filed against the Chief Intelligence Officer (CIO). *Id.* at 42.[4] He appeared to re-raise a claim of retaliation based on this protected activity before the administrative judge. IAF, Tab 23 at 33.

Testifying for or otherwise lawfully assisting any individual in the exercise of any appeal, complaint, or grievance right granted by any law, rule, or regulation is a protected activity under 5 U.S.C. 2302(b)(9)(B). *See Edwards v. Department of Labor*, 2022 MSPB 9, ¶¶ 26-27, *aff'd*, No. 2022-1967, 2023 WL 4398002 (Fed. Cir. Jul. 7, 2023); *Alarid v. Department of the Army*, 122 M.S.P.R. 600, ¶ 10 (2015). Accordingly, an affirmative defense of reprisal for this activity is subject to the burden-shifting standards set forth in 5 U.S.C. § 1221(e). *Alarid*, 122 M.S.P.R. 600, ¶ 12. Here, the preponderant evidence shows that the deciding official first learned of his alleged EEO activity in November 2021, when the appellant supplied his OSC complaint in response to the proposal notice.[5] IAF, Tab 7 at 23, 42; HR (testimony of the deciding official). He decided to remove

_____

[4] On review, the appellant contends that there were "several previously identified EEOC issues" that were not addressed in the initial decision. PFR File, Tab 1 at 5. The appellant's OSC complaint and prehearing submission also contain references to alleged Title VII, Civil Rights Act violations, and a hostile work environment, for example. IAF, Tab 7 at 44, 50, Tab 23 at 7. To the extent that the appellant is alleging that he was removed because of retaliation in violation of Title VII outside the whistleblower context, we have discerned no direct or circumstantial evidence that any consideration prohibited under Title VII was at least a motivating factor in his removal. *See Pridgen v. Office of Management and Budget*, 2022 MSPB 31. To the extent that the appellant may have raised any additional affirmative defenses, IAF, Tab 23 at 6-10, he has not made any arguments regarding them on petition for review, and we will not consider them further.

the appellant in December 2021. IAF, Tab 7 at 23-28. Thus, the contributing factor standard is established through the knowledge/timing test. *See Salinas v. Department of the Army*, 94 M.S.P.R. 54, ¶ 9 (2003) (stating that the acting officials' knowledge of the disclosure and the timing of the personnel action constitute the circumstantial evidence relevant to contributing factor under the knowledge/timing test).

We next turn to the question of whether the agency proved by clear and convincing evidence that it would have separated the appellant absent his protected activity. As to the first *Carr* factor, the strength of the agency's evidence in support of its action, the administrative judge found that the agency proved all seven specifications of its charge of failure to follow instructions. ID at 7; IAF, Tab 7 at 60-61. Significantly, the appellant did not deny the factual basis of the charge, i.e., that he failed to complete his assignments as instructed. HR (testimony of the appellant). Rather, he challenged the propriety of the instructions based on, among other things, the U.S. Constitution. IAF, Tab 23 at 8-10; HR (testimony of the appellant). The administrative judge found the appellant's assertions of constitutional violations unpersuasive, and she credited the testimonies of the appellant's supervisors that the instructions comported with agency policy and procedures. ID at 5-8. We discern no error in that regard. Thus, we find that the agency had strong, legitimate reasons for the appellant's removal.

Regarding the second *Carr* factor, the record contains no evidence other than circumstantial evidence of knowledge/timing concerning any retaliatory motive on the part of the deciding official. The deciding official testified persuasively regarding his decision to sustain the appellant's removal, which did

---

[5] We assume without deciding that the appellant engaged in protected activity under section 2302(b)(9)(B). In any event, the Board has explained that whistleblower protections extend to individuals who were perceived to engage in protected activity, even if they had not done so. *See Corthell v. Department of Homeland Security*, 123 M.S.P.R. 417, ¶¶ 9-12 (2016), *overruled on other grounds by Requena v. Department of Homeland Security*, 2022 MSPB 39.

not include any improper considerations. HR (testimony of the deciding official). To the extent that the deciding official may have been influenced by the retaliatory motives of other agency officials involved in the decision, there is no indication in the record that any other official had knowledge of the appellant's purported activity except for—presumably—the CIO. According to the appellant, the CIO was the accused official in the 2015 EEO case. IAF, Tab 7 at 42. The agency's specifications and underlying evidence reflect that the CIO was the appellant's second-line supervisor at the time of the removal action and was involved to some degree in the issuance of the supervisory instructions underlying its charge. *Id.* at 60-61, 68, 72-73; HR (testimony of the CIO). However, the record does not contain other evidence of a retaliatory motive on the part of the CIO, who, notably, had been a supervisor in the appellant's chain of command since the purported EEO activity in 2015 without incident. HR (testimony of the CIO). Ultimately, we find that the agency has established that there was not a strong motive to retaliate on the part of the agency officials who were involved in the decision.

Lastly, the third *Carr* factor cannot weigh in the agency's favor because the record does not definitely establish that the agency has taken similar actions against non-whistleblowers. *See Karnes v. Department of Justice*, 2023 MSPB 12 ¶ 35. Here, there is no discussion in the record regarding the existence of potential comparators. Given the complete absence of evidence on the issue, we conclude that *Carr* factor 3 is removed from consideration and is a neutral factor. *See id.*, ¶ 36.

After weighing the *Carr* factors, we find that the agency proved by clear and convincing evidence that it would have taken the removal action absent the appellant's protected activity under 5 U.S.C. 2302(b)(9)(B).

*Multiple emails sent to agency employees since December 3, 2020, disclosing violations of law, rule or regulation, gross mismanagement, gross waste of funds, or abuse of authority*

Protected whistleblowing occurs when an appellant makes a disclosure that he reasonably believes evidences a violation of law, rule, or regulation, gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health and safety. *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶ 52. The proper test for determining whether an employee had a reasonable belief that his disclosures were protected is whether a disinterested observer with knowledge of the essential facts known to, and readily ascertainable by, the employee could reasonably conclude that the actions evidenced a violation of a law, rule, or regulation, or one of the other conditions set forth in 5 U.S.C. § 2302(b)(8). *Id.* Furthermore, to make a protected disclosure of a law, rule, or regulation, an employee ordinarily must identify the specific law, rule, or regulation that was violated, unless the statements and the circumstances surrounding the making of those statements clearly implicate an identifiable violation of law, rule, or regulation. *Ayers*, 123 M.S.P.R. 11, ¶ 24. The disclosures must be specific and detailed, not vague allegations of wrongdoing regarding broad or imprecise matters. *Rzucidlo v. Department of the Army*, 101 M.S.P.R. 616, ¶ 13 (2006).

In his sworn prehearing submission, the appellant contended that HSI managers in his office violated specific sections of the HSI Case Management Handbook,[6] as well as the Fourth Amendment of the U.S. Constitution, when using their case management system to process cases because they failed to provide an Investigative Case Management (ICM) case number for each assignment. IAF, Tab 23 at 8-10. He alleged that, on December 3, 2020, and in multiple other emails, he requested to discuss his concerns or obtain ICM case numbers from Special Agents and supervisors. IAF, Tab 7 at 55-58, Tab 23

---

[6] For purposes of our analysis, we assume without deciding that the provisions of the HSI Case Management Handbook constitute "rule(s)" under section 2302(b)(8)(A)(i).

at 6-7, 14-15. However, the only documentary evidence of his actual emails reflects that his expressed concerns were vague and conclusory. IAF, Tab 7 at 42-43,[7] Tab 8 at 94, 102, Tab 24 at 31-32, 34, 37-38. Although the emails express his "firm opinion" that an ICM case number was required for completion of his work assignments, *e.g.*, IAF, Tab 24 at 31, he does not identify any specific law, rule, or regulation that he believed was being violated by failing to provide an ICM case number, IAF, Tab 7 at 42-43; Tab 8 at 94, 102; Tab 24 at 31-32, 34, 37-38. Indeed, in one instance, his supervisor responded to his email containing the disclosure with a request that the appellant "[p]lease help [him] understand why [he] ke[pt] raising this as a concern," which further supports that the alleged violation was not identifiable or ascertainable under the circumstances. IAF, Tab 24 at 36. This is not a situation in which the circumstances clearly implicate an identifiable violation of law, rule, or regulation. *Cf. Ayers*, 123 M.S.P.R. 11, ¶ 24. We therefore conclude that the appellant did not establish that these emails contained disclosures that he reasonably believed constitute protected disclosures of any type of wrongdoing described under 5 U.S.C. § 2302(b)(8). *See Rzucidlo*, 101 M.S.P.R. 616, ¶ 13; *see also Young v. Merit Systems Protection Board*, 961 F.3d 1323, 1328-29 (Fed. Cir. 2020) (agreeing with the administrative judge that allegations that employees were taking longer breaks than were permitted and that "no work was being done" were so general in nature that they did not rise to the level of nonfrivolous allegations of wrongdoing under 5 U.S.C. § 2302(b)(8)(A)).

---

[7] In his sworn OSC complaint, the appellant identified as protected disclosures a May 6, 2020 email to the then Deputy Special Agent in Charge (DSAC), a May 8, 2020 email to the Assistant Special Agent in Charge (ASAC), and a July 10, 2020 email to the DSAC and the ASAC, IAF, Tab 7 at 42-43, and provided excerpts of these emails. We have considered these excerpts as evidence of the content of these emails.

*April 2021 "grievance escalation email" alleging a hostile work environment*

The appellant reported to OSC that he filed a grievance under agency grievance procedures in May 2020 and escalated his claim of "discriminatory harassment hostile work environment" in an April 2021 email. IAF, Tab 7 at 38, 50. He argued in his prehearing submission that he sent a "grievance escalation email" in April 2021, regarding hostile work environment and retaliation concerns. IAF, Tab 23 at 13. The agency submitted evidence of an April 2021 email, in which the appellant complained of "ongoing and continually escalating hostile workplace environment/activities," which he believed were "fundamentally rooted in [r]etaliation." IAF, Tab 24 at 106. The deciding official, who received his email, requested clarification and expressed that it was "still not clear to [him] what exactly is [the] grievance." *Id.* at 105.

We find no indication in these emails that the appellant was seeking to remedy whistleblower reprisal. IAF, Tab 25 at 105-07; *see* 5 U.S.C. § 2302(b)(9)(A)(i). Assuming that the appellant sought to oppose Title VII discrimination or retaliation in this email, we have discerned no direct or circumstantial evidence that any consideration prohibited under Title VII was a motivating factor in his removal. *See Pridgen*, 2022 MSPB 31, ¶¶ 20-24, 30; *supra* note 4, at 7.[8] Thus, we find that the appellant has not proven an affirmative defense based on his April 2021 email.

*Emails in 2021 requesting to reopen a Department of Homeland Security OIG complaint*

The appellant reported to OSC that he opened an OIG complaint in November 2017. IAF, Tab 7 at 38. In his prehearing submission, he asserted that

---

[8] A claim of retaliation for exercising grievance rights outside the whistleblower context, i.e., a prohibited personnel practice under 5 U.S.C. § 2302(b)(9)(A)(ii), is evaluated under the *Warren* standard. *See Warren v. Department of the Army*, 804 F.2d 654, 656-58 (Fed. Cir. 1986). To the extent that the appellant has raised this claim, we find that it is unproven because the appellant has not shown a genuine nexus between retaliation for protected grievance activity and his removal. *See id.*

he notified HSI management in November 2021 that he was a "[w]histleblower" because he previously reported retaliation to OIG. IAF, Tab 23 at 17. He also alleged that he sent an email request to OIG to reopen his complaint sometime in the timeframe of February 1 to April 30, 2021, and again following his notice of proposed removal in November 2021. IAF, Tab 23 at 7, 13, 17; PFR File, Tab 1 at 3. The Board has found that disclosures to an agency's OIG constitute protected activity under 5 U.S.C. § 2302(b)(9)(C) regardless of their content. *See Pridgen*, 2022 MSPB 31, ¶ 62. We note, however, that the record contains no documentary evidence of the appellant's alleged OIG complaint from November 2017 or the appellant's subsequent email requests to reopen the case in 2021.

Nevertheless, the record shows that the deciding official became aware of at least some of his purported OIG activity in November 2021, when he received his OSC complaint in response to the notice of proposed removal. IAF, Tab 7 at 23, 38; HR (testimony of the deciding official). Therefore, we find that the contributing factor standard is established through the knowledge/timing test concerning the appellant's alleged activity under 5 U.S.C. § 2302(b)(9)(C). *See Salinas*, 94 M.S.P.R. 54, ¶ 9.

Applying the *Carr* factors once more, we again find that the agency had strong, legitimate reasons for the appellant's removal and that this factor continues to weigh in the agency's favor. *See supra* p. 8. Regarding the second *Carr* factor, we note an additional consideration as it pertains to the appellant's OIG complaint(s). The U.S. Court of Appeals for the Federal Circuit (Federal Circuit) has instructed the Board to fully consider whether agency officials possessed a "professional retaliatory motive" because the whistleblower's disclosures implicated agency officials and employees in general. *See Soto v. Department of Veterans Affairs*, 2022 MSPB 6, ¶¶ 14-15 (discussing the Federal Circuit's decisions on this issue). A reasonable inference based on the evidence here is that the deciding official presumed that the appellant's OIG complaint, like his OSC complaint, generally implicated the deciding official and others by

alleging that they ignored the appellant's concerns regarding ICM Case numbers and continued to violate suspects' constitutional rights. IAF, Tab 7 at 42-43, 49-50. However, the agency officials testified credibly and persuasively regarding the propriety of their actions, and there is no indication that they believed the appellant's OIG complaint would reflect poorly on them or the agency at large. HR (testimonies of the first-line supervisor, the CIO, and the deciding official). Because there was no other evidence submitted concerning any retaliatory motive, we do not infer one. Overall, there is only weak, circumstantial evidence of a retaliatory motive. Finally, we again find that the third *Carr* factor is a neutral factor because the record is devoid of comparator evidence. *See supra* p. 9. Weighing all three factors, we find that the agency proved by clear and convincing evidence that it would have taken the same removal action absent the appellant's purported OIG complaints. Finally, considering the appellant's alleged protected activity collectively, i.e., both his EEO activity in May 2015 and his OIG complaints, our findings are unchanged.

Accordingly, we affirm the initial decision as modified and sustain the appellant's removal.

## NOTICE OF APPEAL RIGHTS[9]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule

---

[9] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative receives</u> this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

      If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

      If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

      **(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[10]  The court of appeals must <u>receive</u> your

---

[10] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:

*Gina K. Grippando*

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.